# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WESTPORT INSURANCE CORPORATION,

    Petitioner,

vs.

CASE NO.:

6:10-cv-222-Orl-28KRS

VN HOTEL GROUP, LLC d/b/a QUALITY SUITES near UNIVERSAL STUDIOS; CHOICE HOTELS INTERNATIONAL, INC.; V.J. CHUKKAPALLI; WALTER COOPER; ELIZABETH COOPER; ANDREW WHEATLEY; and VALERIE WALKER, as Personal Representative of the Estate of PAUL WALKER, deceased,

    Respondents.
_____/

## PETITION FOR DECLARATORY RELIEF

Petitioner, Westport Insurance Corporation ("Westport"), a Missouri corporation, by and through its undersigned attorneys, files this Petition for Declaratory Relief and states:

## FACTS REGARDING JURISDICTION AND VENUE

1.    This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201.

2.    At all material times, Westport is and was a Missouri corporation with its principal place of business in Overland Park, Kansas.

3.    At all material times, Petitioner Westport is and was authorized to issue insurance coverage in Florida.

4.    Upon information and belief, at all material times, VN Hotel Group, LLC ("VN Hotel Group") is and was a limited liability company organized under the laws of the State of Florida.

5. Upon information and belief, at all material times, Walter Cooper, Elizabeth Cooper and Andrew Wheatley are citizens of Canada.

6. Upon information and belief, at all material times, Valerie and Paul Walker were residents of the United Kingdom.

7. The amount in controversy exceeds the sum of $75,000 exclusive of interest, attorney fees, and costs. This Court has diversity jurisdiction by virtue of 28 U.S.C. § 1332.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(a) because at least one Respondent resides within the district and a substantial part of the events or omissions giving rise to the claim occurred in the district.

## GENERAL ALLEGATIONS

9. Westport issued an insurance policy to VN Hotel Group, Policy No. WCP137008238801, effective from February 2, 2008 to February 2, 2009, which provided, among other things, commercial general liability coverage (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A."

10. Respondents Walter Cooper, Elizabeth Cooper and Andrew Wheatley (the "Cooper plaintiffs") have filed suit against VN Hotel Group and Choice Hotels in a Florida federal court action styled *Walter Cooper and Elizabeth Cooper and Andrew Wheatley v. VN Hotel Group, LLC d/b/a Quality Suites near Universal Studios and Choice Hotels International, Inc.*, in the Middle District of Florida (the "Cooper action"). A copy of the Complaint from the Cooper action is attached hereto as Exhibit "B."

11. Respondent Valerie Walker has filed suit against VH Hotel Group, Choice Hotels and V.J. Chukkapalli, in a Florida state court action styled, *Valerie Walker, as Personal Representative of the Estate of Paul Walker, deceased*, in the Circuit Court of the

Ninth Judicial Circuit in and for Orange County, Florida (the "Walker action"). A copy of the Amended Complaint in the Walker action is attached hereto as Exhibit "C." Collectively, the Cooper action and the Walker action are referred to as the "underlying actions."

12. The Cooper plaintiffs are suing VN Hotel Group, as owner of the premises, for negligence, breach of contract, gross negligence and loss of consortium arising out of its failure to maintain the hotel's systems and premises, causing Messrs. Cooper and Wheatley to contract Legionnaires' disease. See Ex. B at Counts I, II, III, VI, VII, VIII and XI.

13. Valerie Walker is also suing VN Hotel Group for claims arising out of its failure to inspect, repair and maintain the hotel's systems, causing Paul Walker to contract Legionnaires' disease and die. Ms. Walker's claims against VN Hotel Group are for negligence, breach of contract and violation of the Florida Consumer Protection Act. See Ex. C at Counts I, II and III. Ms. Walker has also sued V.J. Chukkapali, as managing agent of the hotel, for negligence. See id. at Count VI.

14. The Cooper plaintiffs are suing Choice Hotels, as franchisor of the premises, for negligence and loss of consortium arising out of its failure to maintain the hotel's systems and premises, causing Messrs. Cooper and Wheatley to contract Legionnaires' disease. See Ex. B at Counts IV, IX and XII. The Cooper plaintiffs are also suing Choice Hotels for violating the Florida Consumer Protection Act. See Ex. B at Counts V and X.

15. Valerie Walker is also suing Choice Hotels as franchisor of the premises, for claims arising out of its failure to maintain the hotel's systems, causing Paul Walker to contract Legionnaires' disease and die. Ms. Walker's claims against Choice Hotels are for negligence and violation of the Florida Consumer Protection Act. See Ex. C at Counts IV

and V. Ms. Walker has also sued Choice Hotels for vicarious liability of VN Hotel Group under an apparent agency theory. *See id.* at Count VI.

16. Legionnaires' disease is caused by bacteria.

17. The Policy's insuring agreement states:

**SECTION I- COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

  * * *

  b. This insurance applies to "bodily injury" and "property damage" only if:

  (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  (2) The "bodily injury" or "property damage" occurs during the policy period.

  * * *

**SECTION V- DEFINITIONS**

  * * *

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

  * * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18. The Policy includes the following exclusions:

SECTION I- COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

\* \* \*

2. Exclusions

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

f. **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured . . . .

\* \* \*

SECTION V- DEFINITIONS

\* \* \*

15. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

19. The policy also contains a Fungi or Bacteria Exclusion which provides as follows:

**A. 2. Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

\* \* \*

20. The Policy contains the following endorsement:

**ADDITIONAL INSURED – GRANTOR OF FRANCHISE**

\* \* \*

**SCHEDULE**

**Name of Person or Organization:**
CHOICE HOTELS INTERNATIONAL, INC.
C/O ARTHUR J. GALLAGHER
4205 CONGRESS ST.
CHARLOTTE, NC 28205

\* \* \*

WHO IS AN INSURED (Section II) is amended to include as an insured the person(s) or organization(s) shown in the Schedule, but only with respect to their liability as grantor of a franchise to you.

21. Westport has no duty to defend or indemnify VN Hotel Group or Choice Hotels in connection with the underlying actions because the allegations therein do not implicate the above-referenced insuring agreement.

22. Westport has no duty to defend or indemnify VN Hotel Group or Choice Hotels in connection with the underlying actions because coverage is barred by one or more of the above-referenced exclusions.

23. Westport is in doubt of its rights under the Policy and, by this action, seeks a declaration of its rights and obligations with respect to the underlying actions and a finding by this Court that under the above-referenced Policy of insurance, Westport has no duty to defend or indemnify any person or entity in connection with the underlying actions.

24. There exists a bona fide actual, present and practical need for the declaration of coverage available under the Policy and the rights and obligations of Westport.

25. There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of Westport under the Policy.

26. The rights and obligations of Westport under the Policy are dependant upon the facts and the law applicable to the facts affecting coverage under the Policy.

27. Westport, VN Hotel Group, Choice Hotels International and the plaintiffs in the underlying actions have an actual, present controversy in the subject matter described herein.

28. All proper and present interests are before the Court by proper process.

29. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

WHEREFORE, Petitioner, Westport Insurance Company respectfully requests this Court enter a judgment declaring that:

A. Westport has no duty to defend VN Hotel Group or Choice Hotels International in connection with the underlying actions.

B. Westport has no duty to indemnify VN Hotel Group or Choice Hotels International in connection with any verdicts, judgments, damages, or settlements in connection with the underlying actions.

C. Westport further requests judgment for its costs and disbursements incurred herein and for such other relief as may be warranted.

Respectfully submitted,

John R. Catizone
Florida Bar No. 0695491
LITCHFIELD CAVO LLP
Radice Corporate Center
600 Corporate Drive, Suite 600
Fort Lauderdale, FL 33334
Office: (954) 689-3000
Fax: (954) 689-3001
Email: catizone@litchfieldcavo.com

Stacey L. Papp
Florida Bar No. 0041817
LITCHFIELD CAVO LLP
5201 W. Kennedy Blvd., Suite 450
Tampa, Florida 33609
Office: (813) 289-0690
Fax: (813) 289-0692
Email: papp@litchfieldcavo.com

*Attorneys for Westport*